UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEATRIZ BALL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-10214-WBV-KWR** |
| **CARLOS BARBAGALLO, ET AL.** | **SECTION: D (4)** |

## ORDER and REASONS

Before the Court is Defendant's Rule 60 Motion for the Court to Supplement Ruling Granting Defendant's Motion for Attorney Fees.[1] Pursuant to Fed. R. Civ. P. 60, Defendant asks the Court to supplement its November 25, 2020 Findings of Fact and Conclusions of Law[2] or to supplement its January 6, 2021 Order awarding Defendant attorney's fees[3] to specify the applicable statutes relied upon by the Court in awarding Defendant attorney's fees, and to provide the analysis applied by the Court in awarding the attorney's fees. Plaintiff opposes the Motion, asserting that the Court lacks jurisdiction over the Motion because Plaintiff filed a Notice of Appeal as to the Court's Findings of Fact and Conclusions of Law and the Court's January 6, 2021 Order.[4] Plaintiff further asserts that, even if the Court had jurisdiction, Rule 60(a) does not authorize the relief sought by Defendant because Defendant seeks additional substantive findings by the Court, and Rule 60(a) only allows the correction of clerical errors or omissions.[5]

---

[1] R. Doc. 123.
[2] R. Doc. 101.
[3] R. Doc. 114.
[4] R. Doc. 130.
[5] *Id*. at pp. 3-4.

On May 11, 2021, this Court received a Per Curiam opinion from the Fifth Circuit, dismissing Plaintiff's appeal as to the Court's January 6, 2021 Order, but retaining Plaintiff's appeal as to the Court's Findings of Fact and Conclusions of Law.[6] Thus, the Court lacks jurisdiction to supplement its Findings of Fact and Conclusions of Law, which remains pending on appeal before the Fifth Circuit.

The Court further finds that Fed. R. Civ. P. 60(a), relied upon by Defendant, does not authorize the relief sought by Defendant. Defendant asserts that Rule 60 allows this Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgement, order, or other part of the record. The court may do so [on a motion by a party] or on its own, with or without notice."[7] Although not specified by Defendant, that language is found in Rule 60(a).[8] The Fifth Circuit has held that the scope of Rule 60(a) is "very limited," and applies "where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another. Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, or the sort that a clerk or amanuensis might commit, mechanical in nature . . . ."[9] The Fifth Circuit has also

---

[6] R. Doc. 149.

[7] R. Doc. 123 at ¶ 15 (*quoting* Fed. R. Civ. P. 60) (internal quotation marks omitted).

[8] Fed. R. Civ. P. 60(a). Rule 60(a) further provides that, "But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id.*

[9] *Hendrick v. Avent*, 891 F.2d 583, 588 (5th Cir. 1990) (quoting *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 668-69 (5th Cir. 1982)) (internal quotation marks omitted); *See, Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193-94 (5th Cir. 2011) (quoting *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984)) (internal quotation marks omitted) ("To be correctable under Rule 60(a), the 'mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'"). According to the Fifth Circuit, "amanuensis" is a synonym for "scrivener," a person whose job is to write from dictation or to copy manuscript. *Rivera*, 647 F.3d at 194, n.10.

made clear that, "Correction of an error of 'substantive judgment,' therefore, is outside the reach of Rule 60(a)."[10]  The Court finds that supplementing its January 6, 2021 Order to specify the applicable statutes relied upon by the Court, as well as the analysis applied by the Court, in awarding Defendant attorney's fees, as requested by Defendant, is not "the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant" that falls within the ambit of Rule 60(a). Instead, such information and analysis will appropriately be included in the Court's Order addressing Defendant's Motion for Attorney Fees and Costs, which is properly before the Court.[11]  As such, Defendant's Motion must be denied.

Accordingly,

After careful consideration of the parties' memoranda and the applicable law, the Rule 60 Motion for the Court to Supplement Ruling Granting Defendant's Motion for Attorney Fees[12] is **DENIED**.

New Orleans, Louisiana, May 25, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[10] *Hendrick*, 891 F.2d at 588 (quoting *Harcon Barge Co.*, 891 F.2d at 668-69) (internal quotation marks omitted).
[11] R. Doc. 104.
[12] R. Doc. 123.